UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPH BOLLING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DENDREON CORPORATION, et al, <br><br> Defendants. | CASE NO. C13-0872JLR <br><br> ORDER GRANTING DEFENDANT DENDREON'S MOTION TO MAINTAIN UNREDACTED COMPLAINT UNDER SEAL |

Before the court is Defendant Dendreon Corporation's ("Dendreon") motion to "maintain" an unredacted version of the complaint under seal. (Mot. to Seal II (Dkt. # 5).) Having reviewed the motion, and the submissions of the parties related to the motion, the court GRANTS Dendreon's motion to maintain the seal on the unredacted complaint.

On May 16, 2013, Plaintiffs filed a redacted version of their complaint against Dendreon and others (*see* Redacted Compl. (Dkt. # 1)), along with a motion "to allow an unredacted version of Plaintiffs' Complaint to be filed provisionally under seal" (Mot. to

ORDER- 1

Seal I (Dkt. # 2)). This lawsuit was originally assigned to the Honorable Robert S. Lasnik. On May 22, 2013, Judge Lasnik denied Plaintiff's motion because "[c]ontrary to the representations [of counsel] . . . a second [unredacted] version of the complaint . . . was not attached [to Plaintiffs' motion]." (5/22/13 Order (Dkt. # 3) at 1.) In addition, Judge Lasnik also denied Plaintiffs' motion because they failed to support their motion with "any discussion regarding the actual confidentiality of the information, the possible implications of public disclosure, and the public's interest in access to these records." (*Id.* at 2.)

On May 23, 2013, Dendreon filed a motion to maintain the unredacted complaint under seal pursuant to Local Rule LCR 5(g)(2). (*See generally* Mot. to Seal II (citing Local Rules W.D. Wash. LCR 5(g)(2)).) Dendreon's motion notes that this matter is closely related to a class action already before the Honorable James L. Robart, specifically *In re Dendreon Corporation Class Action Litigation*, Master Docket No. C11-1291JLR ("class action") and that portions of the complaint in this matter appear to have been copied verbatim from the complaint in the class action litigation. Dendreon asserts:

> The same facts that justified sealing portions of the complaint, briefs and exhibits in the class action litigation justify sealing the unredacted complaint in this matter. In the class action litigation, Dendreon's corporate officers testified that the redacted material constitutes highly sensitive business information. *See generally* Docket Nos. 66-67 (declarations of Gregory Cox and Richard Ranieri). Dendreon's Executive Vice President of Human Resources further demonstrated that Dendreon protects this information by, among other things, requiring employees to execute confidentiality agreements in which they promise to protect internal company information and to return all documents containing such information to the company when their employment ends. Docket No. 67,

> Ex. A. The company's employees are required to reaffirm that commitment when their employment ends, and to certify that they have returned all of Dendreon's materials and will maintain company information in confidence. *Id*., Exs. B-C. By providing company documents and information to plaintiff's counsel in the class action litigation, the confidential witnesses breached these agreements. *See id*. The same is true here.
>
> Dendreon's Vice President Finance further testified in the class action litigation that the company takes commercially reasonable steps to protect its confidential information, and that public disclosure of the information in the complaint in that action – which overlaps very substantially with the redacted material in this case – would put Dendreon at a competitive disadvantage. Docket No. 66.

(Mot. at 4.) Thus, Dendreon relies upon the same evidence with respect to sealing the complaint in this litigation that it relied upon in the class action.

On May 24, 2013, Plaintiffs filed an unredacted version of their complaint under seal provisionally pending the court's ruling on Dendreon's motion. (*See* Unredacted Compl. (Dkt. # 7) (under provisional seal).) On May 29, 2013, this matter was reassigned to Judge Robart as related to the class action. (*See* Dkt. ## 15, 17.) On the same day, Plaintiffs filed a response to Dendreon's motion to seal in which they state that "they take no position as to whether the Complaint should be maintained under seal pursuant to Local Rule 5(g)(2)." (Resp. (Dkt. # 14) at 2.)

Both the Supreme Court and the Ninth Circuit have acknowledged that courts may deny public access to judicial documents where such records constitute "sources of business information that might harm a litigant's competitive standing." *See, e.g*., *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Mcclatchy Newspapers, Inc.*, 288 F.3d 369, 370-71 (9th Cir. 2002). The court recognizes that there is a split in

ORDER- 3

authority among district courts regarding whether the "compelling reasons" standard or the "good cause" standard applies with respect to redacted portions of a party's pleading. *Compare MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 101, 1106 (D. Ariz. 2010) (applying "good cause" standard to motion to seal exhibit attached to answer and complaint), *with In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067 (N.D. Cal. Apr. 23, 2008) (applying "compelling reasons" standard to motion to seal part of a complaint). The court need not resolve this issue here because the court finds that Dendreon has met both standards with respect to maintaining the seal on the unredacted version of the complaint. *See* Local Rules W.D. Wash. CR 5(g). Dendreon submitted competent evidence that the redacted and sealed portions of the complaint contain sensitive and confidential business information and trade secrets, which if released publicly would cause Dendreon competitive harm. (*See In re Dendreon Corporation Class Action Litigation*, Master Docket No. C11-1291JLR, Cox Decl. (Dkt. # 66); Ranieri Decl. (Dkt. # 67).)

Based on the foregoing, the court GRANTS Dendreon's motion (Dkt. # 5) to maintain the unredacted version of the complaint (Dkt. # 7) under seal. Consistent with this ruling, the court DIRECTS the clerk to maintain the seal on docket number 7.

Dated this 3rd day of July, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 4