1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

CHRISTOPH BOLLING, et al.,

11

Plaintiffs,

12

v.

13

MITCHELL H. GOLD, et al.,

14

Defendants.

CASE NO. C13-0872JLR

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION TO
DISMISS IN PART PLAINTIFFS'
THIRD AMENDED COMPLAINT

15

## I.  INTRODUCTION

16

Before the court is Defendants Dr. Mitchell H. Gold, M.D., Mr. Gregory T.

17

Schiffman, and Mr. Hans E. Bishop's (collectively "Defendants")[1] motion to dismiss

18

portions of Plaintiffs' third amended complaint.  (Mot. (Dkt. # 117).)  The court has

19

considered the motion and the submissions of the parties, the balance of the record, and

20
21
22

[1] Defendant Dendreon Corporation was dismissed from this action on May 7, 2015,
pursuant to a stipulation and order of dismissal.  (Stip. Ord. (Dkt. # 111).)

ORDER- 1

1    the applicable law.  Being fully advised, the court GRANTS in part and DENIES in part

2    Defendants' motion.[2]

3                              **II.    BACKGROUND**

4         This is a securities fraud case related to Dendreon Corporation and its only

5    product, Provenge, which is a medical product designed to fight prostate cancer.  (3d Am.

6    Compl. (Dkt. ## 113 (redacted), 116 (sealed)).)  Plaintiffs, who are numerous, all

7    purchased or otherwise acquired Dendreon's publicly traded securities between April 29,

8    2010, and November 2, 2011.  (*Id.* ¶¶ 1, 27-48.)  Plaintiffs assert claims against

9    Dendreon's Chairman and former President and Chief Executive Officer ("CEO") Mr.

10   Gold, its former Chief Operating Officer ("COO"), Mr. Bishop, and its Chief Financial

11   Officer ("CFO"), Mr. Schiffman, for violations of Sections 10(b), 20(a) and 20A of the

12   Securities Exchange Act of 1934, and common law fraud and negligent

13   misrepresentation.  (*See id.*  ¶¶ 49-51, 346-93.)

14        Plaintiffs filed their initial complaint in this action on May 16, 2013 (Compl. (Dkt.

15   ## 1 (redacted), 7 (sealed))), and their first amended complaint on July 16, 2013 (Am.

16   Compl. (Dkt. ## 32 (redacted), 33 (sealed))).  On August 9, 2013, Defendants filed their

17   first motion to dismiss (Dkt. # 38).  On January 28, 2014, the court granted in part and

18   denied in part Defendants' motion.  (1/28/14 Order (Dkt. # 54).)  In its order, the court

19   dismissed all of Plaintiffs' federal securities fraud claims but allowed Plaintiffs' state law

20   claims to move forward.  (*See generally id.*)  Specifically, the court dismissed all of

21   _____

22        [2] No party has requested oral argument and the court determines that this motion is
     appropriate for disposition without it.

ORDER- 2

1   Plaintiffs' federal claims based on forward-looking revenue guidance and patient

2   treatment predictions under a liability shield contained within the Private Securities

3   Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-5(c)(1)(A)(i).  (*See* 1/28/14 Order at

4   15-21.)  The court granted Plaintiffs leave to amend their complaint.  (*Id.* at 33.)

5       Plaintiffs filed their second amended complaint on February 17, 2014.  (2d Am.

6   Compl. (Dkt. ## 55 (redacted), 56 (sealed)).)  Defendants filed their motion to dismiss

7   Plaintiffs' second amended complaint on March 24, 2014 (Dkt. ## 60 (sealed), 61

8   (redacted)).  On June 5, 2014, the court again dismissed Plaintiffs' federal securities

9   claims, but this time focused its analysis on the lack of allegations supporting a strong

10  inference of scienter rather than the PSlRA's safe harbor provisions.  (*See generally*

11  6/5/14 Order (Dkt. # 75).)  The court granted Plaintiffs leave to file a motion to amend

12  within 20 days.  (*Id.* at 31-32.)  Plaintiffs did not file a motion within that timeframe, and

13  instead proceeded to discovery on their state law claims.

14      On February 23, 2015, Plaintiffs filed a motion to amend their second amended

15  complaint.  (Mot. to Amend (Dkt. ## 101 (redacted), 102 (sealed)).)  Plaintiffs attached a

16  red-lined version of their proposed third amended complaint to their motion.  (Red-lined

17  3d Am. Compl. (Dkt. # 102-1 (sealed)).)  Plaintiffs argued that as a result of the

18  discovery they obtained from Defendants on the state law claims, they had discovered

19  direct evidence that Defendants knew their public statements were false or misleading—

20  supplying the previously missing element of scienter.  (Mot. to Amend at 1.)

21  Accordingly, Plaintiffs argued that they were entitled to amend their complaint once

22  more to re-allege their federal securities claims.  (*See generally id.*)

1    The court granted Plaintiffs' motion to amend on May 19, 2015, finding that

2    discovery conducted on Plaintiffs' state law claims had "changed the landscape" with

3    respect to Plaintiffs' federal securities fraud claims.  (*See* 5/19/15 Order (Dkt. # 112) at

4    14.)  Plaintiffs filed their third amended complaint ON May 22, 2015.  (*See* 3d Am.

5    Compl.)  The third amended complaint expands the relevant period of Defendants'

6    alleged fraud from April 29, 2010 through August 3, 2011 to April 29, 2010 through

7    November 2, 2011.  (*Compare* 2d Am. Compl. ¶ 2 *with* 3d Am. Compl. ¶ 1.)

8    On June 8, 2015, Defendants filed the present motion to dismiss portions of

9    Plaintiffs' third amended complaint.  (*See generally* Mot.)  Defendants assert that

10   Plaintiffs have improperly revived certain portions of their federal securities claims—

11   namely portions related to Dendreon's 2011 revenue guidance and its 2000-patient

12   forecast—that the court previously dismissed under the PSLRA's safe harbor provision.

13   (*Id.* at 3-6.)  Defendants argue that these claims cannot be revived through amendment.

14   (*See id.*)

15   In addition, Defendants move to dismiss Plaintiffs' new claims based on

16   statements made after August 3, 2011, as time-barred and as inadequately pleaded under

17   the heightened standards of the PSLRA.  (*Id.* at 6-9.)  Defendants also move to dismiss

18   Plaintiffs' new claim under Item 303 of Regulation S-K, 17 C.F.R. § 229.303(a)(3)(ii),

19   arguing that violations of Item 303 cannot form the basis of a private federal securities

20   fraud claim.  (Mot. at 9-10.)  Finally, Defendants move to dismiss Plaintiffs' new claim

21   for punitive damages as prohibited under Washington law.  (*Id.* at 10.)  Plaintiffs oppose

22

1   each portion of Defendants' motion.  (*See generally* Resp. (Dkt. ## 124 (redacted), 126

2   (sealed)).)  The court addresses each issue in turn.

3   **III.    ANALYSIS**

4   **A.  Dendreon's 2011 Revenue Guidance**

5          In their third amended complaint, Plaintiffs revive federal claims based on two

6   statements related to Dendreon's revenue guidance made on April 7, 2011 (*see* 3d Am.

7   Compl. ¶¶ 135, 216, 270, 344; *see also* Dkt. ## 39-20, 62-11) and June 7, 2011 (*see* 3d

8   Am. Compl. ¶¶ 281, 344; *see also* Dkt. # 62-12).  The court had previously dismissed

9   these federal claims based on the PSLRA's safe harbor provision contained in 15 U.S.C.

10  § 78u-5(c)(1)(A)(i).  (*See* 1/28/14 Order at 20, n.4.)  This PSLRA liability shield protects

11  securities fraud defendants from claims related to forward-looking statements that are

12  identified as such and accompanied by meaningful cautionary language.  *See In re Cutera*

13  *Sec. Litig.* 610 F.3d 1103, 1111 (9th Cir. 2010).

14         Defendants argue that the court's previous ruling applying the PSLRA's safe

15  harbor provision to these two statements forecloses Plaintiffs from reasserting these

16  claims in the third amended complaint.  (*See* Mot. at 3-5.)  Plaintiffs respond that the

17  allegations in their third amended complaint are more comprehensive and that the more

18  detailed allegations render the claims based on the two revenue statements viable upon

19  re-pleading.  (Resp. at 3-4.)  In addition, Plaintiffs argue that the PSLRA's safe harbor

20  provision simply does not cover the statements at issue because Defendants did not

21  identify these two statements as "forward-looking" and did not accompany these

22  statements with any cautionary language.  (Resp. at 5-6; *see* Dkt. ## 39-20, 62-11, 62-

ORDER- 5

12.)  Defendants do not challenge these substantive arguments in their reply.  (*See*

*generally* Reply (Dkt. # 127) at 3-7.)  Rather, Defendants reiterate their position that the

court's prior January 29, 2015, order forecloses the re-pleading of these claims.  (*See id.*)

　　　　With respect to the two revenue statements at issue, the court denies Defendants'

motion and adheres to the ruling contained in its May 19, 2015, order granting Plaintiffs'

motion to amend.  (*See* 5/19/15 Order at 10.)  As Plaintiffs have repeatedly asserted,

Defendants did not identify these statements as "forward-looking" and did not

accompany the statements with any cautionary language.  (*See* Dkt. ## 39-20, 62-11, 62-

12.)  As such, they are not entitled to protection under the PSLRA's "safe harbor"

provision.  *See* 15 U.S.C. § 78u-5(c)(1)(A)(i).

　　　　Even if, as Defendants assert, this court's May 19, 2015, ruling (and its present

ruling) is inconsistent with its January 29, 2015, ruling, the court is entitled to rule in

accord with its May 19, 2015, order now.  Under Federal Rule of Civil Procedure 54(b),

an interlocutory order, such as the court's January 29, 2015, order, that "adjudicates

fewer than all the claims or the rights and liabilities of fewer than all the parties does not

end the action as to any of the claims or parties and may be revised at any time before

entry of judgment adjudicating all the claims and all the parties' rights and liabilities."

Fed. R. Civ. P. 54(b); *see also WPP Luxembourg Gamma Three Sarl v. Spot Runner,

Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011) (holding, in the context of a PSLRA case, that

where some claims survive a motion to dismiss, the district court, in its discretion, has the

power to allow an amended complaint even with regard to claims it earlier dismissed);

*Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (9th Cir. 2003) (stating

1   that a district court retains the power to modify rulings on partial dispositive motions);

2   *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000) (stating that until final

3   judgment is entered a district court has the "inherent jurisdiction to modify, alter, or

4   revoke" interlocutory decisions).  The court has explained this principle to the parties

5   before.  *See Bolling v. Gold*, No. C13-0872JLR, 2015 WL 2406487, at *3 & n.3 (W.D.

6   Wash. May 19, 2015).  Accordingly, Defendants' motion with respect to the two revenue

7   statements at issue is DENIED.[3]

8   **B.  2000-Patient Prediction**

9        In its May 19, 2015, order, the court ruled that Plaintiffs had sufficiently pleaded

10   scienter with respect to Defendants' 2,000-patient prediction in their proposed third

11   amended complaint.  (*See* 5/19/15 Order at 10-11.)  As Defendants point out, however,

12   the court had previously dismissed these claims based on the PSLRA's safe harbor

13   provision, 15 U.S.C. § 78u-5(c)(1)(A)(i), and unlike the two revenue statements

14   discussed above, these statements were all identified as forward-looking and

15   accompanied by cautionary statements.  (*See* Mot. at 5-6.)  Defendants therefore assert

16   that the court should not permit Plaintiffs to revive these claims in their third amended

17   complaint.  (*Id.*)

18        Plaintiffs counter that "[a]s with the 2011 revenue guidance," the third amended

19   complaint "adds new facts with respect to Defendants' 2,000 patients misstatements."

20

21        [3] To the extent that there is any confusion on the issue (*see* Reply at 4), the court clarifies

22   as follows:  All statements related to revenue guidance, except those made on April 7, 2011, and
     June 7, 2011, are immunized under the PSLRA's safe harbor provision.

ORDER- 7

1   (Resp. at 6.)  Plaintiffs contend that their new allegations are "qualitatively different."

2   (*Id.* at 7.)  They assert that, "in repeatedly telling Dendreon investors that Dendreon was

3   still on track with its 2,000-patient target, 'Defendants misled investors by failing to

4   admit that they in fact had extended the timeline for meeting the 2,000 patient goal, and

5   by failing to disclose the underlying reason that the Provenge launch was progressing

6   badly.'"  (*Id.* (quoting 3d Am. Compl. ¶ 233).)  Plaintiffs argue that these omissions

7   render Defendants' statements about the 2,000-patient prediction "not merely statements

8   about future performance" and therefore not protected by the PSLRA's safe harbor.

9   (Resp. at 7.)

10          The court disagrees.  Unlike the revenue statements analyzed previously, Plaintiffs

11  do not argue that Defendants' statements concerning the 2,000-patient forecast were not

12  identified as forward-looking or were unaccompanied by cautionary statements.  (*See*

13  Resp. at 6-7.)  Plaintiffs rely solely on their new allegations to plead themselves out of

14  the PSLRA's safe harbor.  (*See id.*)  Defendants argue that, because the PSLRA's safe

15  harbor is a definitive legal bar, it is impossible to plead one's way out.  (*See* Mot. at 5

16  (citing *In re Quality Sys., Inc. Sec. Litig.*, 60 F. Supp. 3d 1095, 1106 (C.D. Cal. 2014)).)

17  Whether this is always true or not, Plaintiffs' additional allegations fail to accomplish the

18  task here.  Irrespective of Plaintiffs' additional allegations, Defendants' 2000-patient

19  forecasts were nonetheless identified as forward-looking and accompanied by appropriate

20  cautionary language.  Unlike the revenue guidance discussed herein, Plaintiffs do not

21  dispute these facts.  Hence, these statements remain within the PSLRA's safe harbor

22  provision.  Accordingly, the court GRANTS this portion of Defendants' motion and

1   DISMISSES Plaintiffs' federal securities claims challenging Defendants' 2,000-patient

2   forecast.[4]

3   **C.   New Allegations Challenging August 3, 2011, Statements**

4       In their third amended complaint, Plaintiffs allege for the first time that

5   Dendreon's August 3, 2011, withdrawal of its previous revenue guidance not only

6   revealed the fraud previously alleged in Plaintiffs' second amended complaint but also

7   constituted an additional fraud of its own.  (*See* 3d Am. Compl. ¶¶ 292-96.)

8   Consequently, Plaintiffs expand the relevant time period of Defendants' alleged fraud

9   from April 29, 2010, through August 3, 2011, to April 29, 2010, through November 2,

10  2011.  (*Compare* 2d Am. Compl. ¶ 2 *with* 3d Am. Compl. ¶ 1.)  Although Plaintiffs filed

11  a red-lined version of their proposed third amended complaint that included these new

12  allegations (*see* Dkt. # 102-1 at 103-04), Defendants did not challenge these new

13  allegations in their opposition to Plaintiffs' motion to amend the second amended

14  complaint (*see generally* 3/9/15 Resp. (Dkt. # 104)).  Instead, Defendants waited until

15  after the court granted Plaintiffs' motion their second amended complaint to raise their

16  objections to these new allegations on statute of limitations and adequacy of pleading

17  grounds.  (*See* Mot. at 7-9.)

18      First, Defendants argue that the new claim, which is based on allegedly false

19  statements made when Dendreon withdrew its previous revenue guidance on August 3,

20

21      [4] The court denies Plaintiffs leave to amend these claims.  Plaintiffs have already had

22  multiple opportunities to amend these claims.  (*See, e.g.*, Am. Compl., 2d Am. Compl., 3d Am. Compl.)  The court concludes that any further attempt to amend would be futile.

1    2011, is barred by the two-year statute of limitations period that applies to Plaintiffs'

2    federal securities claims, *see* 28 U.S.C. § 1658(b)(1), and the three-year limitations

3    period that applies to Plaintiffs' state law claims, *see* RCW 4.16.080(4).  (Mot. at 7.)

4    Defendants assert that Plaintiffs must have discovered this new claim no later than

5    November 2, 2011, when Dendreon provided "confirmation that there was a permanent

6    demand issue with Provenge."  (Mot. at 7 (quoting 3d Am. Compl. ¶ 327).)  Accordingly,

7    Defendants argue that the statutes of limitation expired on November 2, 2013 and

8    November 2, 2014, respectively, and Plaintiffs' new claims, which were not filed until

9    Plaintiffs' third amended complaint on May 22, 2015, are therefore barred.  (*Id.*)

10           Plaintiffs assert, however, that they did not discover the facts constituting the new

11    claim until August 14, 2014, at the earliest, which is the date Defendants began to

12    produce documents to Plaintiffs in discovery.  (Resp. at 8.)  Plaintiffs assert that it was

13    through their review of these documents that they discovered facts as to Defendants'

14    scienter—that Defendants knew their statements during the August 3, 2011, conference

15    call were false.  (*Id.*)  The federal statute of limitations at issue here states that the

16    limitations period does not begin to run until "discovery of facts constituting the

17    violation."  28 U.S.C. § 1658(b)(1).  The Supreme Court has expressly held that "facts

18    showing scienter are among those that 'constitut[e] the violation.'"  *Merck & Co. v.*

19    *Reynolds*, 559 U.S. 633, 649 (2010) (quoting 28 U.S.C. § 1658(b)(1)) (alterations in

20    original).  Indeed, the Court has specifically noted:

21           An incorrect prediction about a firm's future earnings, by itself, does not
             automatically tell us whether the speaker deliberately lied or just made an
22           innocent (and therefore nonactionable) error.  Hence, the statute may

require "discovery" of scienter-related facts beyond the facts that show a statement (or omission) to be materially false or misleading.

(*Id.*)  Based on the foregoing, the court concludes that this issue is inappropriate for disposition on a motion to dismiss.  It may be that this issue can be resolved on summary judgment, but the court declines to dismiss Plaintiffs' new claim based on the statute of limitations pending further factual development.

Defendants also assert that Plaintiffs' new claim is inadequately pleaded under the PSLRA with regard to the required elements of falsity and scienter.[5]  (*See* Mot. at 7-9.) The court has previously set forth the standards for pleading in a securities fraud action, including the standards under Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the PSLRA (*see* 1/28/15 Order at 11-13; 6/5/14 Order at 12-14) and, accordingly, need not restate them here.  Having carefully reviewed the new allegations and claim contained in Plaintiffs' third amended complaint, the court agrees with Plaintiffs that Defendants' motion to dismiss this claim fails to address the specific misrepresentations and omissions actually alleged in Plaintiffs' new claim.  For example, Defendants fail to address Defendant Gold's allegedly misleading statement on August 3, 2011, that the company had signed up more than 265 infusing accounts by the end of the second quarter of that year, when he knew that this figure was misleading as a result of other information he had obtain in June 2011.  (*Compare* Mot. at 7-9 *with* 3d Am. Compl. ¶ 293.)

---

[5] Defendants also argue for the first time in their reply memorandum that Plaintiffs failed to adequately plead the element of "loss causation."  (*See* Reply at 8-9.)  The court need not address this issue raised for the first time in reply and to which Plaintiffs had no opportunity to respond.  *See United States v. Wright*, 215 F.3d 1020, 1030 n.3 (9th Cir. 2000) (declining to consider an argument raised for the first time in reply brief).

1    Defendants also fail to address Gold's statement on August 3, 2011, in which he

2    allegedly misrepresented that Dendreon's problems were newly discovered although

3    Defendants allegedly knew of the problems for many months.[6]  (*Compare* Mot. at 7-9

4    *with* 3d Am. Compl. ¶ 294.)  Based on its review, the court concludes that Plaintiffs have

5    met the pleading requirements for the element of falsity by "specify[ing] each statement

6    alleged to have been misleading, [and] the reason or reasons why the statement is

7    misleading" and stating with particularity "all facts on which that belief is formed."  *See*

8    15 U.S.C. § 78u-4(b)(1).  The court also concludes that Plaintiffs have met the requisite

9    standards for pleading an inference of scienter that is "cogent and at least as compelling

10   as any opposing inference of nonfraudulent intent."  *See Tellabs, Inc. v. Makor Issues &*

11   *Rights, Ltd.*, 551 U.S. 308, 314 (2007).  Accordingly, the court DENIES this portion of

12   Defendants' motion.

13       **D.  Claim Based on Item 303**

14       Plaintiffs allege for the first time in their third amended complaint that Defendants

15   breached a duty under Item 303 of Regulation S-K.  (3d Am. Compl. ¶¶ 300-04, 352.)

16   Item 303 requires companies to disclose certain "known trends and uncertainties" in

17   certain mandatory filings.  17 C.F.R. § 229.303(a)(3)(ii).  Defendants move to dismiss

18   this claim based on *In re NVidia Corporation Securitites Litigation*, 768 F.3d 1046, 1053-

19   56 (9th Cir. 2014), which held that Item 303's duty to disclose is not  actionable under

20

21       ───────────────────

     [6] Defendants' attempts to belatedly address these allegations in their reply memorandum
22   (*see* Reply (Dkt. # 127) at 7-8) do not persuade the court that Plaintiffs fail to meet the necessary
     pleading standards with respect to their newly alleged claim.

Section 10(b) and Rule 10b-5.  (Mot. at 9-10.)  Plaintiffs do not dispute that this court is

bound by the Ninth Circuit's ruling in *NVidia*.  (*See* Resp. at 10 (". . . Plaintiffs

acknowledge that *NVidia* is binding on the Court.").)  Rather, Plaintiffs assert that they

pleaded claims based on Item 303 "in order to preserve them" because Plaintiffs believe

that the Ninth Circuit's decision in *NVidia* is "likely to be reconsidered."  (Resp. at 10-

11.)  Whether reconsideration of the holding in *NVidia* is likely or not, this court is

presently bound by it.  Accordingly, the court GRANTS this portion of Defendants'

motion and DISMISSES with prejudice Plaintiffs' claims based on Defendants' alleged

failure to comply with Item 303.

### E.  Punitive Damages

Plaintiffs request for the first time in their third amended complaint an award of

punitive damages.  (3d Am. Compl. at 109 (prayer for relief).)  Punitive damages are not

available under the Securities Exchange Act.  *See Ambassador Hotel Co., Ltd. v. Wei-

Chuan Inv.*, 189 F.3d 1017, 1031 (9th Cir. 1999) ("Punitive damages may not be awarded

for the violation of federal securities law.") (citing 15 U.S.C. § 78bb(a)).  In addition,

punitive damages are prohibited under Washington law unless expressly authorized by

statute.  *Dailey v. N. Coast Life Ins. Co.*, 919 P.2d 589, 590-91 (Wash. 1996).

Accordingly, Defendants argue that Plaintiffs' request for punitive damages should be

dismissed.  (Mot. at 10.)

Plaintiffs, however, assert that they seek punitive damages based on the laws of

other states in which Plaintiffs are located and where they heard and read Defendants'

alleged misrepresentations or omissions.  (Resp. at 11-12.)  In so arguing, Plaintiffs cite

1    to prior decisions from federal district courts in Washington State.  (*See id.* at 11 (citing

2    *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1225 (W.D. Wash. 2012); *Braun v. Crown Crafts*

3    *Infant Prods. Inc.*, No. C12-5811 RBL, 2014 WL 345246, at *6 (W.D. Wash. Jan. 30,

4    2014); *Bethlehem Constr., Inc. v. Transp. Ins. Co.*, No. CV-03-0324-EFS, 2006 WL

5    2818366 (E.D. Wash. Sept. 28, 2006); *Specialty Surplus Ins. Co. v. Second Chance, Inc.*,

6    No. C03-0927C, 2006 WL 581024 (W.D. Wash. Mar. 8, 2006)).)

7         Despite Plaintiffs' citation to the federal cases noted above, the court is skeptical

8    that their request for punitive damages is viable.  First, the court notes that despite

9    Plaintiffs' recent assertion that they will rely on foreign law—at least with respect to their

10   claim for damages—they expressly pleaded that their state law claims are governed by

11   the common law of Washington.  (*See* 3d Am . Compl. ¶ 22 ("The claims asserted herein

12   arise under and pursuant to:  (i) Sections 10(b), 20(a) and 20A of the Securities Exchange

13   Act of 1934 . . . ; and (ii) Washington common law.").)  Further, Defendants persuasively

14   distinguish the cases upon which Plaintiffs rely because the challenged conduct or the

15   conduct forming the basis for punitive damages in those cases took place, not in

16   Washington, but in the foreign state at issue.  (*See* Reply at 11 & n.3 (distinguishing

17   cases).)  Finally, the court notes Washington's strong policy against punitive damages.

18   *See Barr v. Interbay Citizens Bank of Tampa*, 635 P.2d 441, 443-45 (Wash. 1981),

19   *amended on other grounds*, 649 P.2d 827 (Wash. 1982) (concluding that Washington's

20   strong policy against punitive damages gives it the most significant relationship for

21   choice of law purposes with respect to the plaintiffs' claim for punitive damages despite

22

1  the location of the defendant in Florida and the occurrence of at least some of the

2  challenged conduct in that state).

3          Nevertheless, the court finds it inappropriate to address the issue of punitive

4  damages at this stage of the proceedings.  Although punitive damages are not available

5  with respect to Plaintiffs' federal securities claims, whether they are available with

6  respect to Plaintiffs' state law claims is an issue that involves a choice of law analysis.

7  The Washington Supreme Court has recently emphasized that choice of law is a fact-

8  intensive question that "does not lend itself readily to disposition on a [Rule] 12(b)(6)

9  motion." *See FutureSelect Portfolio Mgmt.*, 331 Pl3d 29, 36, n.12 (Wash. 2014).

10 Although the court has indicated its skepticism that punitive damages are available here,

11 it will reserve its judgment pending further development of the factual record.  *See, e.g.*,

12 *Bingham v. Blair, LLC*, No. C10-5005 RBL, 2010 WL 1608881, at *2 (W.D. Wash. Apr.

13 19, 2010) (denying motion to dismiss punitive damages without prejudice to further

14 review following development of the factual record necessary for the choice of law

15 analysis).  Accordingly, the court DENIES Defendants' motion to dismiss Plaintiffs'

16 request for punitive damages on Plaintiffs' state law claims, but without prejudice to

17 raising the issue again on a record sufficient for conducting the required choice of law

18 analysis.

19                             **IV.     CONCLUSION**

20          Based on the foregoing, the court GRANTS in part and DENIES in part

21

22

1    Defendants' motion to dismiss portions of Plaintiffs' third amended complaint (Dkt.

2    # 117) as delineated above.

3           Dated this 9th day of September, 2015.

4

5

6           _____

7           JAMES L. ROBART
            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 16